UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLSTATE CASUALTY INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY GRIFFIN and MELISSA MORELAND, <br><br> Defendants. | Case No.: C 05- 0292 PVT <br><br> **ORDER DENYING MORELAND'S MOTION TO PERMIT AN INTERLOCUTORY APPEAL** |

On November 15, 2005 the parties appeared for hearing on Defendant Moreland's motion for an order permitting an interlocutory appeal.[1] Based on the briefs and arguments presented, and for the reasons set forth below,

IT IS HEREBY ORDERED that Defendant Moreland's motion is DENIED.

Moreland seeks certification to take an interlocutory appeal on this court's August 31, 2005 order,[2] specifically to resolve the question of whether satisfying either prong of

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] This court's August 31, 2005 denied in part Defendant Moreland's motion for summary judgment and denied Plaintiff's motion for summary judgment, specifically holding that it mattered under which prong the insured was found in insane as to whether the insured's act constituted an intentional act (an uncovered occurrence) or an unintentional act (a covered occurrence).

California's insanity test[3] is sufficient to bring an insured's act within coverage under Allstate's Homeowner's Policy.

Under 28 U.S.C. § 1292(b), this court has discretion to certify an issue for interlocutory appeal if: (1) the issue is a controlling question of law; (2) the issue is one for which substantial ground for difference of opinion exists; and (3) an immediate appeal of the court's order relative to the issue at hand may materially advance the ultimate termination of the litigation. *Id.* Furthermore, the burden is on the moving party to show "extraordinary circumstances" to justify departure from "the basic policy of postponing appellate review until after the entry of a final judgment." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd sub nom.*, *Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983) *(quoting Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

Controlling Question of Law

A question of law is controlling if it is dispositive as to the case before the court and makes further litigation of the matter unnecessary. *See APCC Servs., Inc. v. Sprint Communications Co.*, 297 F.Supp.2d 90, 95 (D.D.C. 2003). The question of whether satisfying either prong of California's insanity test[4] is sufficient to bring an insured's act within coverage (rendering inoperative an intentional act exclusion clause) may become a controlling question of law if Griffin is found to have understood the nature and consequences of his act in attacking Moreland. However, as this question of law stands now, it does not presently control the litigation because there has been no factual finding in this action as to Griffin's state of mind, nor do the stipulated facts establish Griffin's state of mind.[5]

---

[3] As stated in this court's August 31, 2005 order, under California's two-prong insanity test, a person is deemed legally insane if he or she is either: 1) "incapable of knowing or understanding the nature and quality of his or her act;" or 2) "incapable of knowing or understanding that his or her act is wrong."

[4] *See infra* note 3.

[5] The stipulated facts, filed with the cross motions for summary judgment, stipulate that Griffin was found not guilty by reason of insanity in the criminal proceeding. The parties did not stipulate that Griffin was insane when he attacked Moreland. Nor does Moreland argue that Allstate is

Substantial Ground for Difference of Opinion

Moreland has abundantly established the two lines of authority with regard to the aforementioned question of law.  *See, e.g., Prasad v. Allstate Insurance Co.*, 644 So.2d 992, 994 (1994).  *See also Globe Am. Cas. Co. v. Lyons*, 131 Ariz. 237 (1982) *(citing, inter alia, Congregation of Rodef Sholom v. Am. Motorists Ins. Co.*, 91 Cal.App.3d 690 (1979), which posits the view that if an injury results from an insane act, the intentional act exclusion clause is inoperative).  Substantial ground for difference of opinion exists when there are court splits on a controlling question of law.  *See Huangyan Imp. And Exp. Corp. v. Nature's Farm Prods*., 370 F.Supp. 2d 993, 1005 (N.D. Cal., 2005); *see also Kirkbride v. Con'tl Cas. Co.*, 707 F.Supp. 429, 433 (N.D. Cal. 1989); *see also APCC Servs., Inc.* at 107.

Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation

Moreland has not established that an immediate appeal might materially advance the ultimate termination of the litigation.  If the appellate court were to hold in Moreland's favor, this action would be remanded to the district court for further proceedings to determine Griffin's state of mind.  Thus, while an interlocutory appellate decision may serve to focus the discovery and adjudication of the issue of Griffin's state of mind, the case would not be over, contrary to Moreland's contention.

Conclusion:

Because the issue for which Moreland seeks immediate appeal arguably satisfies only one of the three requirements for certification under 28 U.S.C. 1292(b), Moreland's motion is DENIED.

Dated: 1/5/06

*(signature)*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

collaterally estopped from arguing that Griffin was not insane at the time of the attack.